GreeN, Judge,
delivered the opinion:
The plaintiff, a lieutenant of the United States Coast Guard, has, since September 1, 1925, contributed by allotment from his pay $40 a month for the support of his mother, but has never drawn the rental or subsistence allowance permitted under the statute. In addition to what the plaintiff paid for his mother’s support, she has received from two brothers a total of about $100 a year, but has had no other source of income and no property. She was divorced from her husband in 1925, who thereafter failed to make any provision for her. This claim begins with September 1, 1925, after the divorce, when plaintiff’s mother was fifty-five years of age. She had been in poor health since 1918 and has done no work during the period of the claim. During the period in question she has resided with a daughter in a house owned by the latter and has contributed her share of the household expenses from the allotment payments made by the plaintiff. Her living expenses are $50 a month. During a portion of the time a brother of the plaintiff, who was living with the same family, contributed $35 a month to the general expenses of carrying on the household.
Under the circumstances, $50 a month must be considered as a very reasonable amount for the support of plaintiff’s mother. The law provided that if the plaintiff was the chief support of his mother he should be entitled to the allotments claimed. That he was not only the chief support but nearly the entire support of his mother is too plain for discussion or argument. Indeed, counsel for the Government make no contention to the contrary, there being no facts upon which such a contention could be made.
Counsel for defendant state that the last date on which testimony was taken was March 17, 1931, and that conse *288 quently there is no proof of dependency since that time. The majority of the court are of the opinion that we should follow the procedure established in the case of Gillespie v. United States, No. K-264, decided by this court on January 12, 1931 [72 C. Cls. 726] and make a finding to the effect that it does not appear whether the dependency exists at the present time, nor what extra compensation for rental and subsistence allowance would be due the plaintiff at the time of judgment; also that the judgment should be withheld until further evidence is received that the condition of dependency existed at the date of the court’s decision, and showing by a report from the General Accounting Office the amount due the plaintiff under the ruling of the court. The findings of fact and judgment entry will therefore be made in accordance with the majority opinion.
Ordinarily I would be content to follow the rule laid down in a prior decision of the court, but in this case it seems to me that this method of procedure is irregular, and that while the judgment to be rendered will be valid if no further proceedings are had or taken, a further controversy might arise owing to the state of the record. Moreover, I see no necessity for this procedure. It is a well-settled rule of evidence that “Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time. ” 22 C. J., page 86, section 28. In the same volume, on pages 87, 88, and 89, a long list of matters to which this presumption has been applied is given, among which are enumerated, continuation of life, condition of health, family relationship, business associations, etc. I think the date on which the last testimony is taken is sufficiently near that, in the absence of any evidence to the contrary, the same relations between the plaintiff and his mother and the surroundings can be presumed to exist and a finding made accordingly. If this is not done, I think a finding should be made simply as to the amount due up to the time when the evidence was taken and judgment rendered for the amount then due.
Whaley, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur in the result.